**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:  26-23513-CV-MIDDLEBROOKS

CARLOS LEON ROBAINA,

      Petitioner,

v.

WARDEN, KROME NORTH SERVICE
PROCESSING CENTER, *et al.*,

      Respondents.

_____/

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus ("Petition") (DE 1) brought pursuant to 28 U.S.C. § 2241 by Petitioner Carlos Leon Robaina ("Petitioner").  As relief, Petitioner seeks an Order from me directing that immigration officials immediately release him from custody.  (DE 1 at 7).  Respondents have filed an Response (DE 9) with supporting exhibits opposing the Petition, claiming Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231.  Upon consideration of the filings by the Parties, pertinent portions of the record, and relevant authorities, for the reasons discussed below, the Petition is **DENIED**.

### I.  BACKGROUND

Petitioner is a native and citizen of Cuba, who was paroled into Miami, Florida on or about May 26, 1980.  (DE 9 at 1 citing (DE 9-2, Ex. A at 3)).

On April 27, 2009, after Petitioner was convicted in Miami-Dade County Circuit Court for burglary of an unoccupied dwelling and third degree grant theft, he was sentenced to a total of thirty (30) months in prison.  (*Id.* citing (DE 9-2, Ex. A at 3)).  On that same date, after Petitioner was convicted in Miami-Dade County Circuit Court for burglary of an unoccupied dwelling, third

degree grand theft, and criminal mischief, he was sentenced to a total term of thirty (30) months in prison.  (*Id.* at 1–2 citing (DE 9-2, Ex. A at 3)).

On April 28, 2010, after Petitioner was convicted in the Marion County Circuit Court for burglary of a structure and grand theft, he was sentenced to a total term of twenty (20) months in prison.  (*Id.* at 2 citing (DE 9-2, Ex. A at 3)).

On October 6, 2010, Immigration and Customs Enforcement ("ICE") officials served Petitioner with a Notice to Appear charging him with inadmissibility on the basis that he was a removable alien based on Section 212(a)(7)(A) and 212(a)(2)(A) because he had previously been convicted and sentenced to crimes involving moral turpitude.  (*Id.* at 2 citing (DE 9-2, Ex. A at 3)).

On February 23, 2011, an immigration judge ("IJ") ordered Petitioner removed from the United States to Cuba.  (*Id.* citing (DE 9-3, Ex. B at 1)).  Petitioner waived his right to appeal the IJ's Removal Order.  (*Id.* citing (DE 9-3, Ex. B at 1)).  On December 13, 2011, after the Removal Order was entered, Petitioner was released from immigration custody on an Order of Supervision.  (*Id.* at 2 citing (DE 9-5, Ex. D at 1)).

On September 17, 2019, after Petitioner was convicted in Miami-Dade County Circuit Court, case number F18-020079, for burglary with assault or battery, he was sentenced to five (5) years in prison.  (*Id.* at 2 citing (DE 9-6, Ex. E at 2 ¶ 13)); *see also* (DE 9-7, Ex. F at 1–6).

On May 6, 2026, after being encountered by law enforcement officials during a vehicular traffic stop, the Petitioner was arrested without incident, transferred to immigration officials based on his outstanding Removal Order, after which his supervised release order was revoked and he was taken into immigration custody.  (*Id.* at 2–3 citing (DE 9-6, Ex. E at 3 ¶¶ 14–16)).

Since his immigration detention on May 6, 2026, Petitioner has remained in ICE custody.  (DE 9 at 3).  On May 12, 2026, six days after being taken into immigration custody, Petitioner

filed his Petition presently before me for consideration.  (DE 1 at 9).  Petitioner now seeks habeas corpus relief, arguing that his continued detention is unlawful.  (*Id.* at 6–7).

## II.  LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A petition under § 2241 is the appropriate vehicle for a federal prisoner "to challenge the execution of his [or her] sentence, such as the deprivation of good-time credits[.]"  *McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc).  "It is the petitioner's burden to establish his [or her] right to habeas relief[,] and he [or she] must prove all facts necessary to show a constitutional violation."  *Blankenship v. Hall,* 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

## III.  DISCUSSION

Petitioner claims that he has been detained for an unreasonably prolonged period of time following the entry of an order of removal and, therefore, seeks immediate release from immigration custody.  (DE 1 at 6–7).  Specifically, Petitioner claims his continued detention is unlawful pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.*).  Petitioner alleges that his continued detention in excess of six months violates substantive and procedural due process.  (*Id.*)  As relief, Petitioner requests that I order his "immediate release" from immigration custody (*Id.*).  Respondent argues Petitioner is not entitled to relief.  (*Id.* at 7).

Section 1252 is "Congress's comprehensive scheme for judicial review of removal orders."  *Canal A Media Holding, LLC v. United States Citizenship and Immigr. Servs.*, 964 F.3d 1250, 1256–57 (11th Cir. 2020).  It bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings,

adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g). It "is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). Section "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, United States Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73). "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

First, Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders.  Rather, Petitioner challenges the legality of his detention.  Such claim is reviewable. *See Canal A Media Holding, LLC,* 964 F.3d at 1257–58 (claim was not barred by § 1252(g) where action did not fall into one of three categories as "[w]hen asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."); *see also Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *6 (D. Minn. Aug. 15, 2025) (petitioner's due process challenge was not barred by § 1252(g) as it did not "challenge the actions of Respondents in commencing proceedings, adjudicating cases, or executing removal orders."); *Vazquez v. Feeley,* No. 25-cv-01542, 2025 WL 2676082, at *8 (D. Nev. Sept. 17, 2025) ("[B]ecause Petitioner challenges the lawfulness of his detention during the pendency of his removal proceedings, it is not a challenge to one of the 'three discrete events along the road to deportation' that § 1252(g) applies to."); *Leal-Hernandez v. Noem,* No. 25-cv-02428,

2025 WL 2430025, at  *5 (D. Md. Aug. 24, 2025) ("Petition[er] mounts a challenge solely to his continued custody.  In accordance with Supreme Court precedent and the plain language of the text, § 1252(g) does not bar [jurisdiction]."); *Sanchez v. LaRose*, No. 25-cv-2396, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025) ("Petitioner seeks only review of the legality of her detention, which does not require judicial intervention into the Attorney General's decisions to commence proceedings, adjudicate cases, and execute removal orders. . . . Adopting [the government's] interpretation of 8 U.S.C. § 1252(g) . . . would eliminate judicial review of immigration detainee's claims of unlawful detention[.]"); *Campos Leon v. Forestal*, No. 25-cv-01774, 2025 WL 2694763, at *1–2 (rejecting respondents' § 1252(g) argument and concluding that the court had jurisdiction to hear habeas petition challenging DHS' refusal to abide by the IJ's bond order).  Accordingly, section 1252(g) does not prevent this me from exercising jurisdiction over the Petition.

Next, where, as here, an order of removal was entered prior to the filing of this Petition, Petitioner's immigration detention is governed by 8 U.S.C. § 1231.  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("[§]1231 explains what to do if a [noncitizen] is ordered removed.")  Pursuant to § 1231(a)(1)(A), "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days."  Further, detention during the removal period is mandatory.  8 U.S.C. § 1231(a)(2)(A).  Because Petitioner is subject to a final order of removal, he is not entitled to immediate release from immigration custody.  *See* 8 U.S.C. § 1231; *see also Johnson*, *supra.*

Petitioner, however, argues that he is entitled to immediate release pursuant to *Zadvydas* because he has not been removed during the ninety day removal period, and his continued detention as a noncitizen beyond the ninety-day period is unreasonable.  (*Id.* at 6–7).  The Supreme

Court's decision in *Zadvydas*, involving a post-Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") statutory regime, is applicable to Petitioner's case.  Due to the complexity involved in judicial review of detention matters, the *Zadvydas* Court found it "practically necessary to recognize some presumptively reasonable period of detention" ... "in order to limit the occasions when courts will need to make [difficult judgments] . . .." *Id.* at 699.  The Supreme Court's message was unequivocal: "in light of the Constitution's demands," *id.* at 685, the Attorney General has unfettered discretion to detain an alien for six months following the issuance of a final removal order.  *Id.* at 699–700.

The *Zadvydas* Court made clear that once a final removal order has issued, the primary purpose of detention is to effectuate an alien's removal from the United States.  *Id.* at 697.  Once an order of removal is final, however, the government may continue to detain an noncitizen only for a reasonable period of time.  *See Id.* at 699–701.  The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698.  In *Zadvydas*, the Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701).  Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701.  Notably, *Zadvydas* claims asserted prior to the presumptively

reasonable six-month period are deemed unripe and subject to dismissal without prejudice.  *See Akinwale*, 287 F.3d at 1052.

Petitioner's final order of removal was entered in 2011.  On May 6, 2026, Petitioner was taken into immigration custody.  Just six (6) days later, on May 12, 2026, Petitioner filed the Petition presently before me for consideration.  Petitioner has not been detained for more than six months.[1]  *Zadvydas*, 533 U.S. at 701; *see also Akinwale*, 287 F.3d at 1050 (finding "the [noncitizen] not only must show post removal order detention is in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").  No such showing has been made here.  Thus, until the six-month *Zadvydas* period expires, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[2]

Alternatively, even if Petitioner had been detained for more than six (6) months, the text of § 2241 makes clear that relief is discretionary, permitting that I may—not that I shall grant relief—in order to "dispose of the matter as law *and justice* require."  *See* 28 U.S.C. §§ 2241 ("Writs of habeas corpus *may* be granted by . . . the district courts . . ..");  *see also Brown v. Davenport*, 596 U.S. 118, 128 (2022); *Wright v. West*, 505 U.S. 277, 285 (1992) (plurality opinion); *Edwards v. Vannoy*, 141 S. Ct. 1547, 1566 (2021) (Gorsuch, J., concurring).  In this case,

---

[1] The Petition is premature because Petitioner has not been detained for more than six months. Petitioner has been in ICE detention since May 6, 2026, therefore, the detention is lawful under *Zadvydas*. *See Guerra-Castro v. Parra*, No. 1:25-cv-22487-GAYLES, 2025 WL 1984300, at *3–*4 (S.D. Fla. Jul. 17, 2025) (first citing *Thai v. Hyde*, No. 25-11499-NMG, 2025 WL 1655489, at *3 (D. Mass. 2025) (finding six-month *Zadvydas* period had not yet accrued, and Petitioner's previous ICE detention and years of release under an Order of Supervision did not count towards the detention period); then citing *Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at *3, 4 (M.D. Ga. Mar. 14, 2018) (accord)).

[2] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

Petitioner has not met his burden of demonstrating that he deserves the relief requested—immediate release from custody with or without a bond hearing.  The exercise of my discretionary authority necessarily requires consideration of all the facts and circumstances surrounding Petitioner's detention by immigration officials.  Petitioner was previously granted release by immigration officials on multiple occasions, with or without bond, but failed to remain at liberty without violating the terms and conditions of his release, resulting in Petitioner's detention.  While I have the power to grant the petition in part had Petitioner's detention exceeded six (6) months, I am "not bound in every case to exercise such a power." *Ex Parte Royall*, 6 S.Ct. 734, 740 (1886) (affirming that a federal habeas corpus court has the power to discharge a pretrial detainee but was not bound to do so in every case).  Thus, equitable principles also dictate that I deny the Petition. *See Withrow v. Williams*, 507 U.S. 680, 716–19 (1993).

### IV.  CONCLUSION

Based on the foregoing, it is **ORDERED and ADJUDGED** that

1.    The Petition (DE 1) is **DISMISSED WITHOUT PREJUDICE** and alternatively **DENIED.**

2.    All pending motions not otherwise ruled upon are **DENIED, AS MOOT**.

3.    The Clerk of Court **SHALL** close this case.

**SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of June, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Carlos Leon Robaina,** *Pro Se*
A# 022807075
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**Aimee C. Jimenez, AUSA**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: aimee.jimenez@usdoj.gov